BROWN *vs.* JOHNSON use, &c:.

1. A deed, by which a father gives a female slave and her increase to his. daughter, then a married woman, "and her heirs after her, free from the claim or claims of any person or manner of persons whatever, absolutely as their own property-right, as fully as though they had purchased them," excludes the marital rights of the husband.

Error to the Circuit Court of Fayette. Tried before the Hon. Geo. Goldthwaite.

This was a trial of the right of property in a slave levied on under an execution in favor of the defendant in error against one William Moore, and claimed by the plaintiff in error. The mother of the slave was given by her father to Mrs. Moore, his daughter, and then the wife of said William Moore, but who is now deceased, by deed, the material parts of which are recited in the opinion of the court. The claimant married a daughter of Mrs. Moore, and received the slave in controversy as her distributive share of her mother's estate. The Circuit Court instructed the jury that the deed did not exclude the martial rights of the husband, William Moore, which is now assigned as error.

Peck, for the plaintiff in error:—In the case of Newman v. James, 12 Ala. 31, the words in the deed are, " To her and her heirs, to have and to hold the same, to and for her use, benefit and right, and of the heirs aforesaid, without let, hindrance or molestation whatsoever." These words were held to convey a separate estate. Now I insist the words in the deed, set forth in the bill of exceptions in this case, are equally significant to give the donee a separate estate in the property conveyed by it. They are, " do give and grant unto the said Martha Moore and her heirs *after her*, one negro woman named Sarah, together with her increase, *to* have and *to* hold said negro woman named Sarah and her increase for ever, free from the claim or claims of any person. or manner of persons whatsoever, as their own property-right, as fully as though they had purchased them."

PARSONS, J.—It appears by the bill of exceptions that

Phillip Lewis, by his deed, bearing date the 17th day of June 1816, in consideration of his love and good will for his daughter, Martha Moore, gave and granted to his said daughter " and her heirs after her," a negro woman named Sarah, with her increase," to have and to hold said negro woman Sarah and her increase for ever, free from the claim or claims of any person or manner of persons whatever, absolutely as their own property-right, as fully as though they had purchased them." It also appears by the bill of exceptions, that at the time the deed bears date, Martha Moore was the wife of William Moore, and that the negro in controversy is a son of the woman conveyed by the deed. The sole question is, whether the negro woman Sarah was conveyed by the deed to Martha Moore, exclusive of her husband, or whether the property vested in him? In relation to such questions there have been numerous decisions, and it would be impossible to reconcile them all. But it appears to be settled that if it clearly appears to have been the donor's intention to convey the property to a married woman's use, exclusive of her husband, then without regarding the form of the instrument or the particular language used, the husband's marital rights do not attach. Here the conveyance was directly to the wife—a circumstance certainly not sufficient of itself to bar the husband's rights; yet not entirely useless as evidence of the donor's intention. Then, according to the deed, the property is conveyed to the wife " and her heirs after her." This mode of expression perhaps is some evidence of the donor's wish to continue the property in the line of his own descendants, and if this were his intention, it tends to show that he did not intend to give the right of it to the husband. But the gift to the wife and her heirs after her, according to the deed, was " free from the claim or claims of any person or manner of persons whatever, as their own property-right, as fully as though they had purchased them." This language of exclusion, we think, included the husband. There is a recent case in which a testator by his will gave an interest in his estate to a married woman, for her own use and benefit, independent of any other person. Upon this the vice-chancellor said that the words " independent of any other person," meant independent of all mankind, and therefore included the husband.— Margetts v. Barringer, 7 Simons, 482. In Newman v. James,

12 Ala. 31, this court held that property conveyed by deed to a married woman, "to her and her heirs, to have and to hold the same, to and for her use, benefit and right, and of the heirs aforesaid, without let, hindrance or molestation whatsoever, was free from the marital rights of the husband : And we think the deed in this case conveyed a separate estate to Mrs. Moore, free from the claims of her husband ; and consequently, we think there was error in the opinion of the Circuit Court upon this point. Let the judgment be reversed and the cause remanded.